UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-cv-01740-JLS-DFM　　　　　　　　　　　Date: December 04, 2019
Title: Cheryl Thurston v. Spectrum Wine Auctions, LLC

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:

Not Present　　　　　　　　　　　　　　　　　　Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO ORANGE COUNTY SUPERIOR COURT (Doc. 9)**

　　　　Defendant Spectrum Wine Auctions, LLC removed the instant action to this Court on September 12, 2019. (Notice of Removal, Doc. 1.) The Notice of Removal asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 and therefore removability pursuant to 28 U.S.C. §§ 1441(a), 1443. (*Id.* ¶ 3.) Although Plaintiff pleads only a state-law cause of action—violation of California's Unruh Act, Cal. Civ. Code § 51 *et seq.*—Defendant asserts that such claim necessarily raises a federal question because Plaintiff's Unruh Act claim appears predicated on an underlying violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq.* (*Id.* ¶ 4.) On October 15, 2019, noting that this Court as well as numerous others in this district have rejected removal in similar circumstances, Plaintiff filed the present Motion to Remand this case to Orange County Superior Court. (Mot., Doc. 9.) Defendant has not filed an opposition[1]. Having considered the Motion, for the reasons given below, the Court REMANDS the action to Orange County Superior Court, Case No. 30-2019-01093003-CU-CR-CJC.

　　　　"When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). In the present context, a predicate ADA violation may serve as one avenue for liability under the Unruh Act, but alternate avenues to Unruh Act liability exist as well; the Unruh Act wholly incorporates

---

[1] Defendant's failure to oppose may be deemed consent to the granting of the Motion. *See* C.D. Cal. L.R. 7-12.

the ADA alongside *independent* proscriptions on other discriminatory conduct.  *See generally* Cal. Civ. Code § 51.  Therefore, where a plaintiff pursues a non-ADA theory of liability—even if she pursues a concurrent theory premised on an ADA violation—no federal question is a *necessary* element of her Unruh Act claim, and federal jurisdiction does not attach.  *See Rios v. New York & Co., Inc.*, No.17-CV-04676-ODW-AGR, 2017 WL 3575220, at *2 (C.D. Cal. Aug. 17, 2017); *Bell v. Retail Servs. & Sys., Inc.*, No. 18-CV-02825-PJH, 2018 WL 3455811, at *2 (N.D. Cal. July 18, 2018).

Plaintiff argues that her Complaint states a non-ADA theory of liability: *to wit,* that Defendant's conduct amounts to *intentional* discrimination, and remand is therefore required.  (Mot. at 3-8; Complaint, Doc. 1-1 ¶ 24.)  "[A] violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads intentional discrimination in public accommodations in violation of the terms of the [Unruh] Act." *Earll v. eBay, Inc.*, No. 5:11-CV-00262-JF-HRL, 2011 WL 3955485, at *3 (N.D. Cal. Sept. 7, 2011) (internal quotation marks omitted).  Considering the strong presumption against removal jurisdiction, the Court sees no issue with Plaintiff strategically avoiding federal jurisdiction where she is otherwise entitled to do so.  *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).[2]  Indeed, "the plaintiff is 'the master of [her] complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'"  *Id.* (quoting *Balcorta v. Twentieth Century–Fox Film Corp.,* 208 F.3d 1102, 1106 (9th Cir. 2000)).  Moreover, "the well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (internal quotation marks omitted).  Here, as it is clear from the face of the Complaint that its Unruh Act cause of action involves no *necessary* federal questions, remand is appropriate.

Accordingly, the action is REMANDED to Orange County Superior Court, Case No. 30-2019-01093003-CU-CR-CJC

Initials of Preparer:  tg

---

[2] Under the "artful pleading doctrine," however, a plaintiff is not entitled to avoid federal jurisdiction simply "by omitting to plead necessary federal questions in a complaint." *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010) (internal quotation marks omitted).